IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

Building Industry Electrical
Contractors Association ("BIECA")          Civil Action No. 2:22-cv-4209

    *Plaintiff,*                                        COMPLAINT AND
                                                       JURY DEMAND

v.

Patriot Electric Corp, and
Michael Tek, Individually

    *Defendants.*

---

Plaintiff, the Building Industry Electrical Contractors Association ("BIECA") by and through its legal counsel, ALJIAN & MONTGOMERY, by way of complaint against Defendants, allege as follows:

## **The Parties**

1. Plaintiff, Building Industry Electrical Contractors Association ("BIECA"") is an unincorporated association and tax-exempt organization within the meaning of 26 U.S.C. § 501(c) and acts as a multi-employer bargaining unit of behalf of electrical contractors in the Metro-NYC area.

2. BIECA maintains a principal place of business at 1150 portion Road, Suite 19, Holtsville, NY 11742

3. Defendant Patriot Electric Corp ("Patriot") is a New York Domestic Corporation with a principal address of 15-17 126TH St., College Point, NY 11356.

4. Defendant Michael Tek ("Tek") is an individual person and, pursuant to the record of the New York Secretary of State, is the Chief Executive Officer and Owner of Defendant Patriot Electric Corp.

5. On information and belief, Defendant Tek resides at 1118 Howard Drive, Westbury, NY 11590.

**Jurisdiction**

6. Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) (Section 301(a)) provides: Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. § 185(a).

**Background and Common Facts**

7. Defendant Patriot is an electrical contracting company located in the New York City metro area.

8. Patriot was a member of the Building Industry Electrical Contractors Association ("BIECA"). Patriot's membership in BIECA was terminated on or about April 6, 2022 for, *inter alia*, failure to make payments under the CBA as set forth herein.

9. BIECA is a multi-member employer association engaged in all areas, phases and facets of the electrical contracting industry.

10. BIECA is the sole and exclusive collective bargaining representative for all its member Employers as it relates to a certain Collective Bargaining Agreement ("CBA") between BIECA (and its member Employers including Patriot) and the United Electrical Workers of America IUJAT, Local 363 (the "Union").

11. A certain CBA was entered into as between BIECA and the Union which became effective on December 1, 2019 and currently remains in effect.

12. A full and complete copy of the CBA is attached to this complaint as Exhibit A.

13. As a member of BIECA, Patriot is bound by the terms of that CBA for the work performed by its electricians.

14. Various negotiated provisions of the CBA set forth required wage rates for Union employees, required contributions to various ERISA funds, required contributions for other negotiated items, various work-related rules and requirements, and other matters commonly found in CBAs.

15. Briefly stated, BIECA is a multi-employer bargaining unit. BIECA negotiates collective bargaining agreements for its member employers with certain unions and sponsors and administers various benefit programs (training, healthcare, retirement, annuity, etc.) in support of those CBAs for the benefit of those employers and their employees.

16. BIECA engages the BIF to handle the actual administration and day to day operation of those services including, *inter alia*, administration of the various funds (both ERISA and non-ERISA), CBA contract negotiation, member employer support, member employee benefit assistance, oversight and administration of professional services including legal, accounting and audit.

17. Costs associated with the operation of BIECA are funded through Article 26 of the CBA. Under that provision, payments are made directly by member employers to BIF based on work hours with certain limitations on maximum payments.

18. BIF was established by the member employers of BIECA for the purpose of handling the administration of BIECA.

19. Article 26(B) of the CBA requires each employer (including defendant Patriot) to contribute 4.5% of its gross wages for prevailing rate work (and a set burden for non-prevailing work) to the Building Industry Fund ("BIF"). To wit:

    > For prevailing wage work: Each EMPLOYER shall contribute monthly to the BUILDING INDUSTRY FUND the sum of 4.5 % of the gross wage with a minimum of $200.00 per month.

20. Pursuant to the Memorandum of Understanding between the Union and BIECA dated October 15, 2019, the maximum amount due from any BIECA employer to BIF is capped at $75,000 per annum ($6,250 monthly).

21. A true and correct copy of that Memorandum is set forth at Exhibit B hereto.

22. Article 26 (C) of the CBA provides when and where payments to the BIF are to be made. To wit:

> Payment of the aforesaid contributions shall be made to the BUILDING INDUSTRY FUND … on or before the tenth (10th) day of each month following the month for which they are made (e.g., payments for April, 2008 are payable on or before May 10, 2008).

23. Article 26 (F) of the CBA provides:

    a. In the event an EMPLOYER fails to make contributions to the BUILDING INDUSTRY FUND (submit therewith the requisite remittance report) in the amounts or at the time herein provided, or as may otherwise be directed from time to time by the Trustees of the BUILDING INDUSTRY FUND, such contributions shall bear interest which shall be paid by the EMPLOYER at the rate often (10%) per cent per annum from the time such contributions were due until paid. The EMPLOYER shall be obligated to pay all costs of collection, (including attorneys' fees equal to twenty (20%) per cent of the overdue contributions including the interest thereon), if the matter is referred to counsel for collection; and, in addition, the EMPLOYER shall pay liquidated damages in the amount equal to twenty (20%) per cent of the overdue contributions, plus interest.

    b. It is expressly understood and agreed that the Officers, directors, stockholders and partners (if applicable) shall be, and remain personally liable, severally and jointly, for payment of all contributions to the BUILDING INDUSTRY FUND by their respective EMPLOYERS, as hereunder required in the same manner and with the same force and effect as if they had each executed this Agreement as individual Employers.

24. Both BIECA and the Union agreed that the services performed by BIF were a necessary and proper part of the negotiated CBA as between the Union and BIECA.

25. Article 26 of the CBA expressly and directly indicates BIF is to receive payment under the express terms of the CBA.

26. BIECA and the Union, through the CBA, specifically intended to compensate BIECA for its administrative expenses by negotiating the payments to BIF at Article 26 of the CBA.

27. BIECA, aware of the provisions and payment requirements of Article 26 of the CBA, and in reliance on same, provided services (through BIF) for the benefit its members (including Patriot), their employees and the Union.

28. Patriot has failed to make any of the payments to the BIF as required by the CBA since January 2020.

29. Patriot's last payment to BIF pursuant to the CBA requirements was $6,250 for December 2019.

30. As of this writing, Patriot has made no payments to BIF for any of the 24 months in 2020 and 2021 and has failed to make payment for 2022.

31. Presently, Patriot is in arrears to BIECA and BIF in the principal amount of $156,250.00 (as of February, 2022). This amount continues to accrue as Patriot fails to make required payments.

32. Despite demand by BIECA and BIF, Patriot and Tek have failed to make payment to BIF as required under the CBA and have refused efforts by BIF to remedy the payment delinquencies.

33. In addition, interest is due on the outstanding monthly amounts at the rate of 10% per annum. Presently, the interest due on the unpaid amounts is $15,625.00 (as of February, 2022). Interest continues to accrue per the terms of the CBA.

34. The total amount presently due for principal and interest is $171,875 (as of February, 2022).

35. Pursuant to the express language of the CBA, counsel fees to BIECA and BIF (as required to collect the unpaid amount) is $34,375 as of (February 2022). Per the CBA, the amount of these charges is stipulated to be 20% of the total amount due. This amount continues to increase as the unpaid balance and interest charges accrue.

36. Pursuant to the express language of the CBA, liquidated damages are due to BIECA and BIF in the amount of $34,375 (as of February, 2022). These liquidated damages are stipulated in the CBA to be 20% of the amount due. This amount continues to increase as the unpaid balance and interest charges accrue.

37. The total amount presently due to BIECA and BIF from Patriot (Principal, interest, attorney's fees and liquidated damages) is $240,625.00 (as of February 2022). This amount continues to increase as Patriot fails to make future required remittances and as interest continues to accrue on the unpaid balance(s).

38. Pursuant to Article 26(f)(b) of the CBA, Officers, directors, stockholders of any BIECA Employer who fails to make required payments under the CBA shall be, and remain personally liable, severally and jointly, for payment of all contributions to the BUILDING INDUSTRY FUND in the same manner and with the same force and effect as if they had each executed this Agreement as individual Employers.

39. Pursuant to Article 26(F)(b), Defendant Michael Tek is personally liable to BIF in the amount of $240,625.00. This amount continues to increase as Patriot fails to make future required remittances and as interest continues to accrue on the unpaid balance(s).

**COUNT I**

**Violation of Labor Management Relations Act - Patriot**

40. Plaintiff reiterates each of the foregoing paragraphs.

41. Patriot has failed to make payments to BIF as required the CBA Section for over 30 months.

42. The failure to make said payments is a breach of the CBA.

43. As a direct result of Patriots failure to make the payments required under the CBA, BIECA and its members have been damaged as the costs to administer the CBA required programs for Patriot and its employees must has borne by BIECA and hence, the paying BIECA employers.  This essentially provides Patriot with any unfair competitive advantage over other members of the association.

44. The failure to make said payments is a violation of the Labor Management Relations Act, 29 U.S.C. § 185(a) et seq.

**COUNT II**

**Violation of Labor Management Relations Act – Michael Tek**

45. Plaintiff reiterates each of the foregoing paragraphs.

46. Patriot has failed to make payments to BIF as required the CBA Section for over 25 months. (Payment for February 2022 is now overdue.)

47. The failure to make said payments is a breach of the CBA.

48. The failure to make said payments is a violation of the Labor Management Relations Act, 29 U.S.C. § 185(a) et seq.

49. As a direct result of Patriots failure to make the payments required under the CBA, BIECA and its members have been damaged as the costs to administer the CBA required programs for Patriot and its employees must has borne by BIECA and hence, the paying BIECA employers.  This essentially provides Patriot with any unfair competitive advantage over other members of the association.

50. Pursuant to the CBA, Michael Tek, as the CEO and owner of Patriot is personally liable, severally and jointly with Patriot, for payment of all amounts due and owing to the BUILDING INDUSTRY FUND.

## COUNT III

**Breach of CBA – Michael Tek, personally and Patriot**

51. Plaintiff reiterates each of the foregoing paragraphs.

52. Patriot has failed to make payments to BIF as required the CBA Section 26 for over 25 months. (Payment for February 2022 is now overdue.)

53. The failure to make said payments is a breach of the CBA.

54. Pursuant to the CBA, Michael Tek, as the CEO and owner of Patriot is personally liable, severally and jointly with patriot, for payment of all amounts due and owing to the BUILDING INDUSTRY FUND for the Breach of Contract.

## COUNT IV

**Unjust Enrichment –Patriot and Tek**

55. Plaintiff reiterates each of the foregoing paragraphs.

56. Patriot has failed to make payments to BIF as required the CBA Section 26 for over 30 months.

57. The failure to make said payments is a breach of the CBA.

58. The failure to make said payments is a breach of the contract. At all times relevant to this litigation, Defendant owed a legal duty to BIECA and BIF to not unfairly or unduly take

advantage of BIECA or BIF or commit wrongful acts in order to unjustly enrich defendants at the expense of BIF, BIECA or its member Employers.

59. Despite that obligation, Patriot and TEK were provided services by BIECA and BIF, as contemplated and negotiated in the CBA, and accepted the services of BIECA and BIF as set forth in the CBA without paying for those services, unjustly enriching themselves at the expense of other parties to the CBA and other members of BIECA.

## COUNT V

### Breach of the Duty of Good Faith and Fair Dealing – Patriot and Tek

60. Plaintiff reiterates each of the foregoing paragraphs.

61. Patriot has failed to make payments to BIF as required the CBA Section 26 for over 30 months.

62. The failure to make said payments is a breach of the CBA.

63. At all times relevant to this litigation, Defendants Patriot and Tek were in a contractual relationship with BIECA, BIF and the Union.

64. Patriot and Tek owed a duty to each of those parties to act in good faith and deal fairly with them.

65. Defendants breached those duties and continue to breach those duties in every month they fail to make the require payments under the CBA and receive the services provided by BIECA and BIF, forcing the costs of same onto other Employers in BIECA and diminishing the services the Union bargained for under the CBA.

66. The failure by Tek and Patriot to make the required payments is a breach of their duty to act in good faith and deal fairly with counterparties to the CBA and a cause of direct and proximate harm to BIF, BIECA, BIECA member employers and the Union.

67. Defendant Tek and Patriots conduct was outrageous, with their acts being done with malice or bad motives or reckless indifference to the interests of BIF, BIECA, BIECA member employers and the Union.

68. At all times relevant to this litigation, Defendant owed a legal duty to Union, BIECA and BIF not unfairly or unduly take advantage of the Union, BIECA or BIF or commit wrongful acts in order to unjustly enrich defendants at the expense of the Union, BIF, BIECA or its member employers.

69. Despite that obligation, Patriot and Tek were provided services by BIECA and BIF and accepted the services of BIECA and BIF as set forth in the CBA without ever paying for those services, unjustly enriching themselves at the expense of other parties to the CBA.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff BIECA hereby demands judgment in its favor and against Defendants Michael Tek and Patriot, jointly and severally, on each of the forgoing Counts as follows:

    A.    For compensatory damages in the amount of $6,250 for each month for which defendants have failed to make the required payment to BIF under the CBA.

    B.    For Interest at the rate set forth in the CBA for each month for which defendants have failed to make the required payment to BIF under the CBA.

    C.    For an award of Plaintiff's attorney's fees pursuant to the terms of the CBA.

    D.    For Liquidated Damages as set forth on the CBA.

    E.    For such other and further relief as the Court may deem to be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff BIECA hereby demands a trial by jury on all issues so triable of right.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

July 18, 2022

Thomas Aljian
Aljian & Montgomery
28 Mulberry Dr
Manahawkin, NJ 08050
TGAljian@icloud.com
732-771-7764
*Counsel to Plaintiff Building Industry Fund*